McCann, John S., J.
Kathleen Curry, Executrix of the Estate of Bruce A. Pietila (Curry) is represented by Philip F. Mulvey, Jr., Esq. and Stephen J. Brown, Esq. The defendant University of Massachusetts Memorial Medical Center (UMass Med) and UMass Memorial Health Care (UMass Health) are both represented by John C. Flahive, Esq. and Dennis R. Anti, Esq.; Katherine A. Griffey, M.D. (Griffey) is represented by David A. Hilton, Esq.; Horatio Hojman, M.D. (Hojman) is represented by Dennis R. Anti, Esq.; Rebecca Shore, M.D. (Shore) is represented by Dennis R. Anti, Esq.; B. Caswell, M.D. (Caswell) is represented by Joanne Gulliford Hoban, Esq. and Kerri M. Morey, Esq.; Great American Insurance is represented by Scott L. Macha-nic, Esq.

FACTUAL BACKGROUND

The original complaint is a complaint for negligence. Bruce A. Pietila (Pietila) was married to Deborah Pietila. They lived in Fitchburg, Massachusetts. On June 27, 2000, Pietila, then forty-four years old was involved in a motor vehicle accident suffering splenic damage and lumbar vertebral fracture. He was admitted to Leominster Hospital and then transferred to UMass Memorial Medical Center. He died after a respiratory and cardiac arrest on July 2, 2000. Cause of death was retropleural hematoma and hemothorax, multiple rib fractures, anticoagulation therapy, sple-nic laceration and lumbar spine fracture.
The complaint was brought by Kathleen Curry, Executrix of the Estate of Bruce A. Pietila in the following seven counts: Count I - Negligence against Griffey; Count II - Res Ipsa Loquitor against Griffey; Count III - Wrongful Death G.L.c. 229, §§2, 6 against Griffey; Count IV - Wrongful Death Punitive Damages G.L.c. 229, §2 against Griffey; Count V - Respondent [sic][1] Superior Vicarious Liability against UMass Memorial Medical Center; Count VI - Wrongful Death G.L.c. 229, §2, 6 against UMass Memorial Medical Center; and Count VII - Wrongful Death Punitive Damages G.L.c. 229, §2 against UMass Memorial Medical Center.
A First Amended Complaint was filed with the following additional counts: Count VIII - Negligence against Hojman; Count IX - Res Ipsa Loquitor against Hojman; Count X - Wrongful Death G.L.c. 229, §§2, 6 against Hojman; Count XI - Wrongful Death Punitive Damages G.L.c. 229, §2 against Hojman; Count XII - *671 Respondent [sic] Superior Vicarious Liability against UMass Memorial Center; Count XIII - Negligence against Shore; Count XIV -Negligence Res Ipsa Loquitor against Shore; Count XV - Wrongful Death G.L.c. 229, §§2, 6 against Shore; CountXVI - Wrongful Death Punitive Damages G.L.c. 229, §2 against Shore; and Count XVII - Respondent Superior Vicarious Liability against UMass Medical Center.
Griffey, M.D. was dismissed on an assented to motion.
Great American Insurance Group filed a lien pursuant to G.L.c. 152, §15 in the amount of $20,887.93 for medical payments and indemnity payments of $129,367.76 for a total lien of $150,255.69.
A Second Amended Complaint was filed in the following sixteen counts: Count I - Negligence against UMass Memorial Medical; Count II - Wrongful Death Punitive Damages G.L.c. 229, §2 against UMass Memorial; Count III - Negligence against Hojman, Count IV - Negligence Res Ipsa Loquitor against Hojman; Count V - Wrongful Death G.L.c. 229, §§2, 6 against Hojman; Count VI - Wrongful Death Punitive Damages G.L.c. 229, §2 against Hojman; Count VII - Respondent [sic] Superior Vicarious Liability against UMass Memorial Medical Center; Count VIII - Negligence against Shore; Count IX - Negligence Res Ipsa Loquitor against Shore; Count X - Wrongful Death G.L.c. 229, §§2, 6 against Shore; Count XI - Wrongful Death Punitive Damages G.L.c. 229, §2 against Shore; Count XII - Respondent [sic] Superior Vicarious Liability against UMass Memorial Medical Center; Count XIII - Negligence against Caswell; Count XTV - Wrongful Death G.L.c. 229, §§2, 6 against Caswell; Count XV - Wrongful Death Punitive Damages G.L.c. 229, §2 against Caswell and Count XVI Respondent [sic] Superior Vicarious Liability UMass Memorial Medical Center.
Ultimately the complaint against B. Caswell, M.D. was dismissed with prejudice by way of stipulation.
On April 27, 2007, the parties entered into an arbitration agreement to resolve the medical malpractice claim by way of binding arbitration. The agreement was drafted by counsel for the defendants. The agreement was agreed to by the plaintiff. It was a high low agreement. The agreement provided that plaintiff would be paid a minimum of Three Hundred Thousand ($300,000) Dollars and a maximum of One Million Five Hundred Thousand ($1,500,000) Dollars regardless of the arbitrator’s finding. The agreement made the plaintiff responsible for any and all statutory liens. The defendants agreed to pay any judgment within thirty (30) days of a finding and if so paid there would be no postjudgment interest. The pertinent provisions of the arbitration agreement provide as follows:
The undersigned parties, Kathleen Curry, and Horatio Hojman, M.D., Rebecca Shore, M.D., UMass Memorial Medical Center and UMass Memorial Health Care . . . agree as follows: ... 7. The parties agree that, after hearing, the arbitrator will make a finding for either the Plaintiff or the Defendants. Should the arbitrator find for the Plaintiff, he will identify whether each of the Defendants was found to be negligent. In the event the arbitrator makes an award for the Plaintiff, the award will be expressed pursuant to the Wrongful Death Statute.
8. The parties agree the amount to be paid to the Plaintiff, including any interest if any, will not exceed the sum of $1,500,000.00 dollars. The sum of $300,000 dollars will be paid to the Plaintiff regardless of the arbitrator’s finding.
9. The Plaintiff is responsible for any and all applicable statutory liens.
10. The parties agree that all rights of appeal are waived including the right to appeal the arbitrator’s decision, unless there exists a basis for a vacation or modification of the award pursuant to M.G.L.c. 251.
18. The parties agree that the arbitrator will not be informed of the terms of this agreement.
... 19. The parties agree to the terms and conditions of this agreement and acknowledge the terms of this agreement supercede any decision by arbitrator.
The Plaintiff, Kathleen Curry Defendants
Executrix of the Horatio Hojman, M.D.
Estate Bruce A. Pietila Rebecca Shore, M.D.
UMass Memorial Medical Center
UMass Memorial Health Care
The arbitration agreement was essentially a high low agreement. The agreement provided the arbitrator to make a finding for either the plaintiff or the defendants. Should the arbitrator find for the plaintiff was directed to identify whether each of the defendants was found to be negligent; and in the event of a finding for the plaintiff the arbitrator was directed to express the award of damages pursuant to the Wrongful Death Statute. For whatever the reason, no counsel thought to specifically provide for the effect of a finding for the defendants, a payment of the low, and the applicability or lack of applicability of the statutory liens provision of the agreement.
On May 24, 2007, the arbitrator found for all the remaining defendants. As a result the Three Hundred Thousand ($300,000) Dollar sum (low) was to be paid pursuant to the arbitration agreement.
Defendants drafted a release and indemnification agreement that was signed by Curry and Mrs. Pietila and the decedent’s son Sean Retila. Plaintiff made demand for payment of the proceeds.
Defendants refused to issue a check as requested but indicated purported lien holders would be named as payees on the check.
*672 Plaintiff offered to calculate a best estimate of the maximum Workers’ Compensation claim and have that sum deposited into court pursuant to Rule 67 and then determined by the court. The defendant declined to agree. That resulted in Plaintiffs Emergency Motion to Enforce the Arbitration Agreement.
The matter was heard by the Court on August 3, 2007 and the Court McCann, J. allowed the Motion in the following manner: One Hundred and Forty Thousand ($140,000) Dollars shall be paid into Court until resolution of the liens: and after the liens are paid the balance shall be paid to the plaintiff; One Hundred and Sixty Thousand ($160,000) Dollars shall be paid within seven (7) days to the plaintiff and counsel for the plaintiff.
Plaintiff has now filed a Motion for Declaratory Judgment.

ISSUES PRESENTED

(I) Whether the Workers’ Compensation Liens of Great American and the City of Fitchburg are excluded by virtue of the provisions of G.L.c. 231, §60G.
(II) If the lien is not excluded by G.L.c. 231, §60G whether the Three Hundred Thousand ($300,000) Dollar payment as a result of an arbitration decision is a settlement, or award, or a finding to which the compensation carrier is entitled to share pursuant to G.L.c. 152, §15 where there is no legal liability on the third parly.
(III) If the Workers’ Compensation Lien does apply what is the fair allocation of amounts payable to the employee’s widow, his emancipated son, and the Workers’ Compensation Insurer in the amount of excess that shall be subject to offset against future compensation payments.
(IV) What is the amount of the claims or purported liens of the City of Fitchburg as self-insured and Great American.
(V) Whether the four prior issues raised by the plaintiff in this action can be resolved by way of a Motion for Declaratory Judgment in the Negligence case.

DISCUSSION

This Court answers the fifth issue first and determines that this Court has no basis in law or fact to resolve the remaining issue by way of a Motion for Declaratory Judgment.
The rights asserted by the issues raised in the plaintiffs motion are directed directly to Great American Insurance Company (Great American). Great American is not a party to this present action WOCV2003-00830. If this Court were to resolve the issue on the basis of the plaintiffs motion, the judgment could not be enforced because no execution could issue because Great American is not a party to this action.
There is a separate procedure under M.G.L.c. 231 A, § 1 et seq. setting forth procedures to obtain a Declaratory Judgment. Plaintiffs in this action seek to shortcut that process.
Additionally, Great American Insurance Company, who is not a party to this action but who is directly affected by the Motion of the Plaintiff, asserts in its Opposition that it objects to the use of a Declaratory Judgment proceeding raised by motion as the procedures mandated by M.G.L.c. 231A, §1 et seq. have not been followed. Great American, in preserving its rights, and without waiving them, filed its Opposition to the Plaintiffs Motion.
This Court concurs with the position of Great American Insurance that the Court has no legal authority to deal with the Motion for Declaratory Judgment as presented to this Court and for the reasons stated denies the motion without prejudice to the plaintiff to proceed under G.L.c. 231A.

ORDER

The plaintiffs Motion for Declaratory Judgment is DENIED without prejudice to proceed under G.L.c. 231 A.

The pleadings throughout refer to Respondent Superior as opposed to Respondeat Superior.